IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DANIEL NEWMAN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**WYNDHAM HOTELS AND RESORT,** )<br>)<br>Defendant. )<br>_____ ) | **CIVIL ACTION NO. 5:25-CV-369 (MTT)** |

## ORDER

Pro se plaintiff Daniel Newman filed this lawsuit against Wyndham Hotels and Resort. ECF 1. Newman also moved to proceed *in forma pauperis* ("IFP"). ECF 2. The Court denied Newman's motion to proceed IFP and ordered him to pay the required $405.00 filing fee by September 22, 2025. ECF 3.

The time for compliance passed without a response from Newman. As a result, Newman was ordered to show cause why his lawsuit should not be dismissed for failing to follow the Court's orders and instructions. ECF 4. Newman was given until October 27, 2025 to comply with the Court's orders and instructions and warned that failure to comply could result in dismissal of this action. *Id*.

The time for compliance has again passed without a response from Newman. As Newman was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th

-2-

Cir. 1978))[1]. Accordingly, Newman's complaint (ECF 1) is **DISMISSED without prejudice**.

    **SO ORDERED**, this 7th day of November, 2025.

                                                    S/ Marc T. Treadwell
                                                    MARC T. TREADWELL, JUDGE
                                                    UNITED STATES DISTRICT COURT

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).